# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

MARCUS JONES,

    Plaintiff,

v.                                                 Case No. 5:18-cv-211-TKW-MJF

JOSEPH MEEKS,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This prisoner civil rights case is before the court on Plaintiff's motion for default judgment against Defendant Joseph Meeks. (Doc. 32). The undersigned recommends that Plaintiff's motion be granted in part and denied in part.[1]

### I.     Background and Procedural History

Plaintiff Marcus Jones is an inmate of the Florida Department of Corrections ("FDC") confined at Dade Correctional Institution. Jones initiated this case on August 24, 2018, by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Thereafter, Jones filed a second amended complaint that names one

---

[1] The court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Defendant: FNU Meeks, a correctional officer at the Northwest Florida Reception Center. (Doc. 13). Jones claims that Meeks violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") on August 28, 2014, when Meeks interfered with and burdened Jones's exercise of his religion. (*Id*. at 5-10). As relief, Jones seeks nominal damages and costs. (*Id*. at 9). Jones is suing Meeks in his individual and official capacities. (*Id*. at 1).

On October 9, 2019, this court determined that service of the second amended complaint was appropriate. (Doc. 15). The FDC identified FNU Meeks as former Officer Joseph Meeks, and provided the United States Marshals Service with a service address for Meeks. (Doc. 22). Defendant Meeks was personally served on March 16, 2020, and his answer was due April 6, 2020. (Doc. 25). Defendant Meeks has not appeared or otherwise defended this lawsuit. On August 28, 2020, Jones requested the entry of a clerk's default against Meeks. (Docs. 30, 31). The clerk of the court entered a default on August 31, 2020. (Doc. 35). Jones now requests the entry of a default judgment against Meeks for nominal damages and costs (the filing fee). (Doc. 32).

## II.   Discussion

Rule 55 of the Federal Rules of Civil Procedure provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

### A.   <u>Jones's Individual-Capacity Claims Against Meeks</u>

Jones seeks nominal damages against Meeks under 42 U.S.C. § 1983 (for the violation of his First Amendment rights) and RLUIPA. Jones's § 1983 claim for nominal damages is for a sum that can be made certain—$1.00. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (holding that if plaintiffs were entitled to nominal damages for the violation, the damages should not exceed one dollar); *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."). Jones is entitled to a default judgment against Meeks in the amount of $1.00 on his § 1983 individual-capacity claim.

Jones may not recover damages against Meeks on his RLUIPA claim. The Eleventh Circuit has held that RLUIPA does not create a private cause of action against state officials sued in their individual capacities. *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) ("[W]e conclude that section 3 of RLUIPA—a provision that derives from Congress' Spending Power—cannot be construed as creating a private action against individual defendants for monetary damages."), *abrogated on*

*other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). Accordingly, Jones's individual capacity damages claim against Meeks under RLUIPA must be dismissed. *See, e.g., Hathcock v. Cohen*, 287 F. App'x 793 (11th Cir. 2008) (affirming judgment in favor of individual defendants on a prisoner's RLUIPA claim because RLUIPA does not create a private action for monetary damages, including nominal damages, against prison officials sued in their individual capacity). Jones's individual-capacity RLUIPA claim against Meeks should be dismissed.

### B. Jones's Official-Capacity Claims Against Meeks

Jones's damages claim against Meeks in his official capacity under § 1983 and RLUIPA is a claim against the State of Florida. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). "[A]bsent waiver by the State or valid congressional override," neither of which is present here, "the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted). Sovereign immunity applies to Jones's official-capacity claims under 42 U.S.C. § 1983 *and* RLUIPA, and precludes an award of damages or costs against the State. *Id.*; *see also Sossamon*, 563 U.S. at 293 ("We conclude that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver.").

Jones's official-capacity claims against Meeks should be dismissed.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for default judgment (Doc. 32) be **GRANTED IN PART AND DENIED IN PART** as follows.

2. Plaintiff's motion for default judgment (Doc. 32) be **GRANTED** on Plaintiff's § 1983 First Amendment claim for nominal damages against Defendant Meeks in his individual capacity.

3. Plaintiff's motion for default judgment (Doc. 32) be **DENIED** on all other claims.

4. Plaintiff's individual-capacity RLUIPA claim against Defendant Meeks be **DISMISSED** with prejudice.

5. Plaintiff's official-capacity claims be **DISMISSED** with prejudice.

6. The clerk of the court be directed to enter judgment in favor of Plaintiff Marcus Jones and against Defendant Joseph Meeks in the amount of $1.00 in nominal damages and $350.00 in costs.

At Panama City, Florida, this <u>8th</u> day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**